United States District Court
Southern District of Texas
**ENTERED**
August 11, 2026
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KATHERINE MARCELA PORTILLO GARCIA, | § § § | |
| Petitioner, | § § | |
| v. | § § | CIVIL ACTION NO. H-26-2481 |
| MARKWAYNE MULLIN, et al., | § § § | |
| Respondents. | § § | |

## MEMORANDUM OPINION AND ORDER

Katherine Marcela Portillo Garcia ("Petitioner"), a citizen of Honduras, entered the United States without inspection in 2019.[1] On August 21, 2019, Petitioner was served with a Notice to Appear and was released on her own recognizance.[2] Shortly after her arrival to the United States in 2019, Petitioner filed an application for asylum.[3] On December 21, 2022, Petitioner was served with a superseding Notice to Appear, charging her with removability pursuant to 8 U.S.C. § 1182(a)(6)(A)(i), "as an alien present in the United States without being admitted or paroled."[4] Petitioner filed an application for asylum around 2019.[5] On February 26, 2025, an immigration

---

[1]Petitioner's Petition for Writ of Habeas Corpus ("Habeas Petition"), Docket Entry No. 1, p. 9 ¶ 24; Response to the Petition for Writ of Habeas Corpus and Motion for Summary Judgment ("Respondents' MSJ"), Docket Entry No. 7, p. 2. For purposes of identification, all page numbers refer to the pagination imprinted at the top of the page by the court's Electronic Case Filing system.

[2]Respondents' MSJ, Docket Entry No. 7, p. 2; Notice to Appear, Exhibit 1 to Respondents' MSJ, Docket Entry No. 7-1, p. 1.

[3]Habeas Petition, Docket Entry No 1, p. 2 ¶ 2.

[4]Respondents' MSJ, Docket Entry No. 7, p. 2; Order of the Immigration Judge, Exhibit 1 to Respondents' MSJ, Docket Entry No. 7-1, pp 8-10.

[5]Habeas Petition, Docket Entry No. 1, p. 2 ¶ 2.

judge denied Petitioner's application for asylum and ordered her removed from the United States to Honduras.[6]   Petitioner has filed an appeal, which remains pending.[7]   On February 17, 2026, Petitioner was taken into Immigration and Customs Enforcement custody [8] On February 18, 2026, Petitioner filed a Violence Against Women Act I-360 application, which remains pending.[9] Petitioner remains in immigration custody [10]

Pending before the court is Petitioner's Habeas Petition (Docket Entry No 1).  Petitioner argues that her detention without a bond hearing violates due process [11]  Also pending before the court is Respondents' Motion for Summary Judgment (Docket Entry No. 7).  Respondents argue that Petitioner's detention under § 1225(b)(2) does not violate due process because she is an applicant for admission.[12]  Petitioner has filed a reply [13]

---

[6]Respondents' MSJ, Docket Entry No. 7, p. 2; Notice to Appear, Exhibit 1 to Respondents' MSJ, Docket Entry No. 7-1, pp. 1, 10.

[7]Respondents' MSJ, Docket Entry No. 7, pp. 2–3.

[8]Habeas Petition, Docket Entry No. 1, p. 3 ¶ 4.

[9]Petitioner's Reply/Response in Opposition to Summary Judgment ("Petitioner's Reply"), Docket Entry No. 8, p. 3; Respondents' MSJ, Docket Entry No. 7, p 2.

[10]Respondents' MSJ, Docket Entry No. 7, p. 2.

[11]Habeas Petition, Docket Entry No. 1, pp. 17-19 ¶¶ 48-55   In Immigration Center for Women and Children v. Noem, Case No. 2:25-cv-09848-AB-AS, 2026 WL 1455004 (C.D Cal May 20, 2026), the Central District of California issued a nationwide preliminary injunction staying various policies regarding victim-based immigration benefits.  Petitioner argues that she is entitled to habeas relief under the preliminary injunction.  Petitioner's Reply, Docket Entry No. 8, p. 2. "However, that matter remains pending in another district court and is presently in a preliminary posture.  The [c]ourt is not persuaded that the existence of a non-final order entered in separate litigation independently establishes Petitioner's entitlement" to habeas relief.  Rauda Choto v. Ladwig, CIVIL ACTION NO. 26-0322, 2026 WL 1652576, at *1 (W.D La. June 8, 2026).

[12]Respondents' MSJ, Docket Entry No 7, pp. 1-4.

[13]Petitioner's Reply, Docket Entry No 8.

Because "presence without admission deems [Petitioner] to be [an] applicant[] for admission," Petitioner is subject to mandatory detention under § 1225(b)(2). Buenrostro-Mendez v. Bondi, 166 F.4th 494, 498, 502 (5th Cir. 2026). This mandatory detention does not violate substantive or procedural due process. As explained in Garcia De La Cruz v. Bondi, CIVIL ACTION NO. H-25-5577, 2026 WL 309939, *2 (S.D. Tex. Feb. 5, 2026), the Supreme Court has made clear that "[d]etention during removal proceedings is a constitutionally permissible part of that process." (quoting Demore v. Kim, 123 S. Ct. 1708, 1721-22 (2003)) (internal quotation marks omitted) Moreover, as explained in Jacobo-Ventura v. Dickey, Civil Action No. H-25-6117 (S.D. Tex. Feb. 19, 2026) (Memorandum Opinion and Order, Docket Entry No. 14, pp 3-4), because Petitioner only has those rights regarding admission that Congress has provided by statute, and because § 1225(b)(2) mandates detention of applicants for admission until certain proceedings have concluded, Petitioner is not entitled to a bond hearing as a matter of procedural due process.

For the reasons explained above, Respondents' Motion for Summary Judgment (Docket Entry No. 7) is **GRANTED,** and Petitioner's Petition for Writ of Habeas Corpus (Docket Entry No. 1) is **DENIED.**

The court will enter a final judgment in favor of Respondents.

**SIGNED** at Houston, Texas, on this the 11th day of August, 2026.

SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE